age to the ventilation fan was not clearly erroneous, and is supported by the evidence.

### CONCLUSION

The district court did not err when it concluded that plain meaning of the phrase "failure of power or other utility service" encompassed the introduction of single-phase current into Red Bird's facility under the circumstances here. Nor did the court abuse its discretion when it refused to allow Red Bird to amend its complaint and add a new theory of recovery on the eve of trial. Finally, the district court's finding that the damage to Red Bird's ventilation fans was not fire damage is not clearly erroneous. Accordingly, the judgment of the district court is

*AFFIRMED.*

Charles M. Moody, pro se.

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

PER CURIAM.

Charles M. Moody appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp.2000) complaint. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *See Moody v. Pearson,* No. CA–01–36–2 (E.D.Va. Feb. 13, 2001). Moody's motions for production of documents and for a temporary restraining order are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

**Charles M. MOODY, Plaintiff–Appellant,**

v.

**Eddie PEARSON, Chief Warden; Joanne McCarthy; Fred Schilling, Health Director, Defendants–Appellees.**

No. 01–6361.

United States Court of Appeals, Fourth Circuit.

Submitted July 26, 2001.

Decided Aug. 6, 2001.

**Johnnie GRAY, widow of Henry Gray, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 00–2534.

United States Court of Appeals, Fourth Circuit.

Submitted May 24, 2001.

Decided Aug. 7, 2001.